Percy Leo Dobard, while fleeing from a robbery he committed on June 21, 1980, murdered Livingston police officer Wayne Suddeth in cold blood. Dobard was convicted of this crime and sentenced to death under Code of Alabama 1975, § 13A-5-31 (a)(5), prohibiting and providing penalties for the murder of a police officer while on duty. In June 1982, this court affirmed his conviction and sentence in Dobard v. State, 435 So.2d 1338. In July of 1983 the Alabama Supreme Court affirmed in Ex ParteDobard, 435 So.2d 1351 (Ala. 1983). On January 9, 1984, the United States Supreme Court denied certiorari in Dobard v.Alabama, ___ U.S. ___, 104 S.Ct. 745, 79 L.Ed.2d 203. On February 6, 1984, the Alabama Supreme Court set Dobard's execution as March 9, 1984, Ex parte Dobard, Ms. 81-999 (unpublished order). Dobard moved for a stay of execution or a rescheduling, claiming that he did not know about the scheduled date as soon as he would like to have known. The Supreme Court of Alabama then granted Dobard's motion and rescheduled his execution for April 6, 1984 (unpublished order). On March 8, Dobard petitioned for a writ of habeas corpus or in the alternative a writ of error coram nobis to the Circuit Court of Marengo County. An accompanying motion sought a further stay of execution. The state moved to dismiss this petition and the circuit court on March 21, 1984, entered an order dismissing the petition. The circuit court order stated that the petition was dismissed without an evidentiary hearing *Page 283 
because the first eight claims "were or could have been raised at trial or on appeal," and the ninth claim was "without merit and [was] not adequate on its face."
Dobard then filed notice of appeal and another motion for a stay of execution. The circuit court denied the motion for stay of execution. Dobard then filed a petition in the Court of Criminal Appeals for a stay of execution. The Court of Criminal Appeals transferred that motion to the Alabama Supreme Court and it was orally argued there on March 28, 1984. On that same date the Alabama Supreme Court denied the requested stay. In its accompanying order, the Alabama Supreme Court stated:
 "The petitioner having filed his motion for stay of execution pending the appeal of the denial of his petition for writ of error coram nobis to the Alabama Court of Criminal Appeals, and the same having been briefed, orally argued, submitted and duly examined and understood by the Court, and the Court having considered the original record on appeal, it is the opinion of the Court that the petitioner has stated no ground for relief which he did not raise on his original appeal, or which he could not have raised on his original appeal. Consequently, it is the opinion of the Court that the trial court did not err in denying the petition without holding a hearing." Ex parte Dobard, 450 So.2d 479. (unpublished order)
The following day, Dobard filed his petition for writ of habeas corpus in the federal court. The United States District Court for the Northern District of Alabama issued an order staying the execution scheduled for April 6, 1984. Percy LeoDobard v. W.E. Johnson, No. 84-AR-0787-W (N.D.Ala.) (unpublished order). The federal habeas corpus petition is now pending. The state has meanwhile filed a motion for summary affirmance of the circuit court's order dismissing the petition for writ of habeas corpus or in the alternative for writ of error coram nobis. Dobard has applied for rehearing and modification of the judgment of the Alabama Supreme Court. We have studied the allegations of the petition. We take it that denial of that petition is now before us on appeal from the Circuit Court of Marengo County. We find the petition wholly without merit. The grounds alleged in this petition are matters which were or which could have been raised on appeal. The ninth ground of the petition, relating to how much notice a death row inmate is entitled to have of his execution date and claiming that short notice of his execution date should entitle him to have his death sentence set aside, is without basis in law or logic. If all the allegations of his ninth ground were proved, he would nonetheless not set forth grounds for relief. We hold that the first, third, and part of the seventh claim of the petition were properly dismissed because the issues were decided on direct appeal. The fourth, fifth, and sixth claims were properly dismissed because those issues were raised at trial but not on appeal. The second claim was properly dismissed because it is clear Dobard knew the factual basis for that issue at trial. The eighth claim was properly dismissed along with the other part of the seventh claim because those issues were not preserved by a timely objection at trial and because they could have been raised at trial and on appeal. The eighth issue further fails to fully specify the facts on which it is based. The petition was properly dismissed as to the ninth ground because that ground lacks legal merit on its face and fails to state a valid claim.
The order of the Marengo Circuit Court dismissing the petition for writ of habeas corpus or in the alternative petition for writ of error coram nobis is hereby affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., who concurs in result only. *Page 284