Cornelius **SINGLETON,**
**Petitioner-Appellant,**

v.

Morris **THIGPEN, Commissioner, Alabama Department of Corrections,**
**Respondent-Appellee.**

No. 87–7629.

United States Court of Appeals,
Eleventh Circuit.

Sept. 12, 1988.

Al Pennington, Pennington, McCleave & Patterson, Mobile, Ala., for petitioner-appellant.

Ed Carnes, Asst. Atty. Gen. of Alabama, Montgomery, Ala., for respondent-appellee.

ON SUGGESTION FOR
REHEARING IN BANC

Before HILL, FAY and VANCE,
Circuit Judges.

VANCE, Circuit Judge:

On suggestion for rehearing in banc petitioner insists that this court has not considered evidence of petitioner's diminished capacity to make a valid waiver of his *Miranda* rights. On the basis of such contention petitioner maintains that the confession should be suppressed and the conviction reversed or alternatively that an evidentiary hearing should be held to determine whether there was an intelligent waiver of constitutional rights. Petitioner argues that our original opinion misstates the law in that it fails to recognize that a confession is admissible only if it is both voluntarily and knowingly made. *See Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986); *Dunkins v. Thigpen,* 854 F.2d 394, at 398 (11th Cir.1988); *Miller v. Dugger,* 838 F.2d 1530, 1538 (11th Cir.1988) ("a valid waiver of *Miranda* rights must not only be voluntary; it must also be *intelligently* made") (emphasis in original), *cert. denied,* —— U.S. ——, 108 S.Ct. 2832, 100 L.Ed.2d 933 (1988). Petitioner correctly states the law for the issue stated on rehearing; however, this issue was not presented to this court on original submission.

At trial the question of the voluntariness of petitioner's confession was placed in issue at the suppression hearing held by the state court pursuant to *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). During the hearing various witnesses testified about the circumstances surrounding petitioner's confession and confirmed his ability to understand his constitutional right to remain silent. The testimony indicated that petitioner understood his *Miranda* rights and that the confession was voluntary. The trial court held that the confession was "voluntarily and freely made."

The first and only suggestion of any limitation on petitioner's ability to understand his rights appeared in a presentence report received into evidence during the mitigation phase of the case. The presentence report included a written evaluation indicating that petitioner had a verbal IQ of seventy and a performance IQ of sixty-five. The evaluation also reflected that petitioner's reading ability was at a low second grade level with a low first grade comprehension level. This evidence was presented in mitigation and not in the context of whether petitioner's *Miranda* rights were knowingly waived.

On direct appeal the voluntariness of the confession was argued to the state appellate courts. Both the Alabama Court of Criminal Appeals and the Alabama Supreme Court discussed the evidence presented at the *Jackson-Denno* hearing and determined that the evidence supported the trial court's determination that the confession was made voluntarily and therefore was admissible.

In his petition for coram nobis relief petitioner asserted for the first time that the confession was admitted by the trial court "despite a lack of knowing and intelligent waiver by the Defendant of his right to remain silent." The state coram nobis court ruled that petitioner had ample opportunity to challenge the validity of the *Miranda* waiver during the trial and direct appeals and therefore petitioner was barred from raising a different aspect of the waiver's validity on collateral attack. *See Dobard v. State,* 455 So.2d 281 (Ala. Civ.App.1984) (coram nobis review of issues that could have been presented on direct appeal is precluded). Petitioner appealed this decision to the Alabama Court of Criminal Appeals. The appeal was then dismissed by petitioner for the stated reason that petitioner wanted to restate an ineffective assistance of counsel claim. When petitioner filed his second coram nobis petition, however, the ineffective assistance of counsel claim did not urge any ground touching on the petitioner's claim of diminished capacity knowingly to waive his *Miranda* rights.

When this case reached the district court on federal habeas the contention was advanced that the confession was not "freely, voluntarily and knowingly given." Petitioner made no new factual contentions and proffered no evidence except for the presentence report that was in the state record. The district court addressed the claim in the same context as it had been litigated in the state courts on direct appeal. Reviewing the circumstances surrounding the confession and evidence of diminished capacity, the district court held that petitioner failed to identify any additional facts which would support the grant of an evidentiary hearing. The district court therefore denied petitioner's request for an evidentiary hearing on the voluntariness of the confession.

It is the district court's denial of an evidentiary hearing that is properly before this court. In the original opinion we dealt with this issue and did not address the issue of petitioner's diminished capacity knowingly to waive his *Miranda* rights. The diminished capacity argument was held to be procedurally barred by the state court. *See Magwood v. Smith,* 791 F.2d 1438, 1444 (11th Cir.1986). Because petitioner has not established any "cause" or "actual prejudice" to lift the procedural bar, we do not reach the merits of this claim. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

No member of this panel nor other judge in regular service on this court has requested that the court be polled on rehearing in banc. The suggestion for rehearing in banc is

DENIED.