ROBERTSON, Judge.
This appeal concerns the interpretation of a local Act governing the Civil Service System of the City of Russellville.
*1065 On November 2, 1987, Officer Michael Wilson (appellant), was dismissed by the City of Russellville Police Department (City). Officer Wilson, pursuant to the Russellville Civil Service Act (Acts of Alabama 1973, Act No. 465, Special Session, August 23, 1973, pp. 663-76), requested a hearing by the Civil Service Board (Board). A hearing was held on November 10, 1987. On November 23, 1987, the Board determined that the action of dismissal by the City was too severe and ordered Wilson reinstated.
Upon the adverse ruling, the City of Rus-sellville filed a notice of appeal to the Circuit Court of Franklin County as provided for in Section 19 of the Act. A copy of the notice of appeal was not served on any member of the Board, and subsequently, the Board did not file with the court a certified transcript of the proceeding had before it. Wilson filed a motion to dismiss the appeal on February 12, 1988. In response to the motion to dismiss, the court entered an order on February 24, 1988, directing the Board to provide the court with a certified transcript of the proceedings had before it prior to the trial date of March 3, 1988. From the record it appears this would be the first notice received by any member of the Board.
The Act in part is as follows:
“Section 19. Appeal to the Court. Decisions of the board may be enforced in the court by mandamus, injunction, or other appropriate proceedings. The employee, the appointing authority, or the city may, within ten (10) days after the decision of the board is rendered, appeal to said court from any decisions of the board affirming; imposing or refusing to affirm or impose dismissal or demotion as disciplinary action by filing notice of such appeal with the court and causing a copy of such notice to be served on the appointing authority and any member of .the board. Upon the filing of such notice, the board shall file with the court a certified transcript of the proceeding had before it with respect to the appeal, and its decision in the matter.”
Wilson raises several issues on appeal, but we need only address the fact that no member of the Board was served with notice of the appeal.
This court, in interpreting an almost identical act governing the Civil Service System of the City of Florence, held that failure to serve a Board member a copy of the notice of appeal was a jurisdictional defect requiring the dismissal of the appeal. Thompson v. City of Florence, [Ms.Civ. 6678, March 29, 1989] (Ala.Civ. App.1989); see also, Craig v. Department of Industrial Relations, 470 So.2d 1278 (Ala.Civ.App.1985).
In Thompson a Board member was served after the ten-day limit; however, in this case it does not appear that a Board member was ever served.
This case is reversed and remanded with directions to dismiss the appeal and reinstate the Board’s decision.
All other issues are pretermitted.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, J., concurs.
HOLMES, P.J., not sitting.