* Reporter of Decisions' Note: The Supreme Court denied certiorari review under the style "Ex parte Mike Wilson."
 ON APPLICATION FOR REHEARING
On application for rehearing, the opinion of this court issued on June 14, 1991 is withdrawn and the following is substituted therefor.
On October 14, 1987 Officer Michael Wilson was dismissed from the City of Russellville Police Department. Pursuant to the Russellville Civil Service Act (1973 Ala. Acts, No. 465, Special Session), Wilson appealed his dismissal to the Civil Service Board (Board).
The Board ordered the City to reinstate Wilson after a 15-day suspension without pay. The City appealed the reinstatement and this court affirmed the Board's decision. See Wilson v. City ofRussellville, 551 So.2d 1064 (Ala.Civ.App. 1989). Wilson was returned to work on November 30, 1989. He subsequently filed an action against the City in the Circuit Court of Franklin County seeking back pay for the entire time that his dismissal was in litigation. Wilson also sought overtime, interest, and lost retirement benefits for that period.
After an ore tenus proceeding, the trial court entered an order on September 17, 1990 awarding Wilson $33,396.53 in back pay and benefits. The court also awarded Wilson credit for overtime shifts and sick leave. Wilson subsequently filed a motion to alter, amend, and/or clarify the September 17 order, and the City filed a motion for new trial. On November 20 the trial court granted Wilson's motion to clarify and entered an order adding an award of interest and overtime benefits to Wilson. The trial court then denied the City's motion for new trial, and the City filed a notice of appeal from this denial. While this appeal was pending, Wilson filed a motion to alter, amend, and/or clarify the November 20 order. The trial court granted Wilson's motion and amended the November 20 order to enlarge the amount of interest on income due Wilson.
The City contends that the trial court's award of compensation to Wilson is violative of Act 465, 1973 Ala. Acts, Section 18, which gives the Board wide discretion to lessen the severity of disciplinary actions taken against city employees.
In his pleadings, Wilson claimed that Section 18 is violative of his due process rights under the State and Federal Constitutions. The record indicates that the trial court may have found the section unconstitutional as applied to Wilson and entered judgment for Wilson based upon the constitutional issue.
In a proceeding in which the constitutionality of a state statute is challenged, the attorney general of the state is entitled to be heard in the proceeding and must be served with notice. § 6-6-227, Code 1975. While this requirement is found in the Declaratory Judgment Act, §§ 6-6-220 through -232, Code 1975, the Alabama Supreme Court has determined that service on the attorney general is mandatory and jurisdictional, regardless of whether the action was brought as a declaratory judgment. Barger v. Barger, 410 So.2d 17 (Ala. 1982). When a party challenges the constitutionality of a state statute and fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claims, and its decree is void. *Page 525 Guy v. Southwest Ala. Council on Alcoholism, 475 So.2d 1190
(Ala.Civ.App. 1985).
In this case, the record shows that the attorney general was never served with process. The trial court was therefore without jurisdiction to enter a judgment based upon the constitutional issue and its decree is void. A void decree will not support an appeal to this court, Jones v. Sears, Roebuck Co., 342 So.2d 16 (Ala. 1977); thus we have no jurisdiction to address the merits of this suit. This appeal is dismissed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED.
APPEAL DISMISSED.
All the Judges concur.