ROBERTSON, Presiding Judge.
Anne Myers Sloop (mother) and Barry Stephen Sloop (father) were married on August 7, 1976. Two children, twins (a boy and a girl) (minor children), were born during the marriage.
On August 12,1987, while residing in the State of North Carolina, the parties entered into a separation and property settlement agreement. The agreement specifically provided that:
“Subsequent Divorce. This Agreement has not been entered into for the purpose of facilitating a divorce between the parties
“Modification of this Instrument. This instrument contains the entire agreement of the parties. Any modification of this instrument or waiver of any of its provisions shall be effective only if made in writing and executed with the same formality as this Agreement.”
The language contained in the foregoing provisions indicates that the parties did not enter into this agreement in anticipation of divorce. In addition, the agreement provides that only the father and the mother can modify or waive a provision contained in the agreement. The parties lived separately and apart thereafter, pursuant to the agreement.
On June 13, 1988, the mother and the father were divorced in North Carolina pursuant to an action for divorce. The judgment of divorce did not specifically address the agreement, nor did it incorporate the provisions of the agreement. The mother and the two minor children subsequently moved to Mobile, Alabama, on July 9, 1990.
On May 15, 1991, the mother filed a motion to register a foreign judgment, a motion for rule nisi, and a motion to modify the separation and property settlement agreement in Mobile County, Alabama, pursuant to § 6-9-230 et seq., and § 30-3-35 et seq., Code 1975. Section 6-9-231 defines a foreign judgment as “any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.” Section 30-3-35(a) provides, in part, that “[a] certified copy of a custody decree of another state may be filed in the office of the clerk of any court of this state having jurisdiction over domestic relations matters.” Neither of the aforementioned statutes grants an Alabama court the authority to “register” a contractual agreement entered into by residents of another state as a judgment.
*636 Our supreme court has held that “[t]he question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person or the subject matter, a court has no power to act_” Mobile & Gulf Railroad Co. v. Crocker, 455 So.2d 829, 831 (Ala.1984) (citation omitted). In this case, the trial court did not have subject matter jurisdiction over this action. “A court without jurisdiction cannot render a valid decision.” Berry v. Pike County Board of Education, 448 So.2d 315, 317 (Ala.1984). Since the trial court lacked jurisdiction, its judgment modifying the agreement of the parties was without effect. Accordingly, we find that the judgment of the trial court is void. It is well-settled law in Alabama that a void judgment will not support an appeal. Underwood v. State, 439 So.2d 125 (Ala.1983).
“This court can acquire no jurisdiction of such an appeal even by consent of the parties ..., and we must take notice of our own want of jurisdiction apparent on the record. The appeal in this case must therefore be dismissed.”
Straszewicz v. Gallman, 342 So.2d 1322, 1323 (Ala.Civ.App.1977).
APPEALS DISMISSED.
THIGPEN and RUSSELL, JJ., concur.