ROBERTSON, Presiding Judge.
On June 8, 1993, the State Department of Revenue (State), entered a final tax assessment against William F. Wilcox, IV, former president and chairman of the board of Micro National, Inc., in the amount of $85,505.14. This amount was assessed against Wilcox as a result of Micro National’s failure to pay to the State certain withholding and sales taxes owed in 1990 and 1991.
On August 3, 1993, Wilcox filed a notice of appeal in the St. Clair County Circuit. The State filed an answer, asserting that Wilcox had failed to timely file his appeal and requesting that the appeal be dismissed. On October 14, 1993, following an ore tenus proceeding wherein the State again moved to dismiss the appeal, the trial court denied the Department’s request and entered a judgment in favor of the State in the amount of $4,160.
The State appeals to this court. We find, however, that Wilcox failed to timely appeal from the final assessment to the trial court pursuant to § 40-2A-7(b)(5), Ala.Code 1975.
A taxpayer may appeal any final assessment to the circuit court of the County in which he resides by filing a notice of appeal with the clerk of the circuit court of the county in which the appeal is filed and with the secretary of the Department within SO days from the date of entry of the final assessment. § 40 — 2A—7(b)(5)b., Ala.Code 1975. If a taxpayer fails to timely file his appeal, it shall be dismissed for lack of jurisdiction. § 40-2A-7(b)(5)c., Ala.Code 1975; see also Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771 (Ala.Civ.App.1989). “The right of appeal from a final tax assessment is purely statutory, and strict compliance with the statute is jurisdictional.” Ex parte State of Alabama Dep’t of Revenue, 617 So.2d 675, 677 (Ala.1992).
The record reflects that the final tax assessment was entered against Wilcox on June 8, 1993. Wilcox filed his notice of appeal with the circuit clerk of St. Clair County on August 3, 1993, more than 30 days after the entry of the final assessment. Therefore, we hold that the trial court lacked jurisdiction to hear Wilcox’s appeal because Wilcox failed to timely file his notice of appeal. Consequently, the judgment of the trial court is void, and it is well established that a void judgment will not support an appeal. Luken v. BancBoston Mortgage Corp., 580 So.2d 578 (Ala.1991); Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985); Underwood v. State, 439 So.2d 125 (Ala.1983); Jones v. Sears Roebuck & Co., 342 So.2d 16 (Ala.1977); Sloop v. Sloop, 615 So.2d 635 (Ala.Civ.App.1992); City of Russellville v. Wilson, 591 So.2d 523 (Ala.Civ.App.1991).
*1375 This appeal is due to be and is hereby dismissed.
APPEAL DISMISSED.
THIGPEN and YATES, JJ., concur.