Melvin F. James was convicted of theft in the first degree, in violation of § 13A-8-3, Ala. Code 1975. He was sentenced to life imprisonment as a habitual offender; was fined $5,000; and was ordered to pay $9,383 in restitution, $100 to the Crime Victims Compensation Fund, and all court costs. The Court of Criminal Appeals, on November 12, 1999, affirmed his conviction and sentence, with an unpublished memorandum. James v. State
(No. CR-97-2468) ___ So.2d ___ (Ala.Crim.App. 1999) (table). James sought certiorari review on the ground that the State of Alabama did not have jurisdiction to prosecute the charge against him because none of the elements of the alleged crim with which he was charged were committed within Alabama. We granted certiorari review; we now reverse James's conviction and remand the cause.
On June 23, 1996, James filled out preliminary paperwork required for the purchase of a 1996 Mitsubishi Gallant automobile from the Jay Auto Group, a Georgia company that was conducting a "tent sale" in the parking lot of a Wal-Mart store in Phenix City, Alabama. James indicated on the credit application that he was a resident of the State of Georgia. Jay Auto gave James permission to take the vehicle to Georgia, that day, "subject to credit approval." The following day, Jay Auto received notice that James's credit application was denied. It subsequently contacted James and instructed him to return the vehicle to the dealership. However, James disappeared, failed to return the vehicle, and never attempted to make any payments toward its purchase. Jay Auto filed a complaint with the Phenix City Police Department, and a warrant was issued for James's arrest. Approximately four months later, James was arrested in Georgia by a Columbus police officer who had become suspicious of the Mitsubishi and had run its vehicle-identification number ("VIN") number through the National Crime Information Center ("NCIC") computer.[1] The computer indicated that the vehicle had been stolen and that there was a warrant pending for James's arrest. The officer arrested James, based upon this information. By the time of his arrest, James had driven the car approximately 14,000 miles.
James alleges that the State of Alabama did not have jurisdiction over him because, he says, he committed no crime within the State of Alabama — he says that when he left Alabama to return to Georgia, he did so with Jay Auto's permission.
The Court of Criminal Appeals has written the following regarding jurisdiction:
 "In order for a court of this State to proceed in a criminal matter, it must have both jurisdiction and venue. Jurisdiction *Page 695 
can be broken down into two parts: (1) subject matter jurisdiction; and (2) personal (over the person) and in rem (over the property) jurisdiction.
 "The `subject matter' in the criminal setting is the crime itself. Therefore, if the crime is committed in this State, our courts have subject matter jurisdiction.
 "If a crime is committed in this State, our courts also have jurisdiction over the person. Jurisdiction over property rarely arises in criminal matters, but a reasonable statement would be that, if property is illegally taken from this State or illegally brought into this State, our courts would have jurisdiction over this as well."
Rothchild v. State, 558 So.2d 981, 983 (Ala.Crim.App. 1989). The issue before us is whether the State of Alabama had jurisdiction over James, given the facts of this case.
James was charged and convicted of "theft of property in the first degree," pursuant to § 13A-8-3, Ala. Code 1975. That statute provides:
 "(a) The theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree.
 "(b) The theft of a motor vehicle, regardless of its value, constitutes theft of property in the first degree.
 "(c) Theft of property in the first degree is a Class B felony."
According to § 13A-8-2, Ala. Code 1975, "theft of property" can be defined in one of two ways:
"A person commits the crime of theft of property if he:
"(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
"(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
The State indicted James based upon § 13A-8-2(1), the first definition of "theft of property," without mentioning the alternative means of theft (deception) stated in § 13A-8-2(2). James's indictment read:
 "The grand jury of said county charge that, before the finding of the indictment, Melvin James whose name is otherwise unknown to the Grand Jury than as stated, did knowingly obtain or exert unauthorized control over a motor vehicle, to wit: one 1996 Mitsubishi Galant, beige in color, 4 door with sun roof, VIN # 4A3AJ46G2TE409599, the property of Jay Mitsubishi-GMC with the intent to deprive the owner of said vehicle, in violation of § 13A-8-3 of the Code of Alabama, 1975, as amended and against the peace and dignity of the State of Alabama."
(Emphasis added.) Thus, according to the indictment, the State was required to prove that James exercised unauthorized control over the vehicle at issue within the State of Alabama. Whether James had the intent to deceive the dealership when he filled out the credit-approval forms is irrelevant to the charges filed against him based upon § 13A-8-2(1).
In its unpublished memorandum, the Court of Criminal Appeals found James subject to punishment in Alabama because, it said, quoting a statute: "`When the commission of an offense commenced in the State of Alabama is consummated without the boundaries of the state, the offender is liable to punishment therefor in Alabama . . . .' § 15-2-3, Ala. Code 1975; see also Heath v. State,536 So.2d 142 (Ala.Crim.App. 1988)."
Although the Court of Criminal appeals correctly quoted §15-2-3, that statute does not apply in this case because no element of the crime charged was committed within this state.Heath v. State, cited by the Court of Criminal Appeals, is distinguishable. Heath paid his codefendants $2,000 to murder his wife. 536 So.2d at 143. He was eventually charged with the *Page 696 
capital crime of murder during a kidnapping in the first degree, §13A-5-40(a)(1), which is a single offense requiring three elements: (1) a kidnapping in the first degree, "or an attempt thereof"; (2) an intentional murder; and (3) that the murder was committed "during" the course of the kidnapping or attempted kidnapping. See Butler v. State, [Ms. CR-99-0189, April 28, 2000] ___ So.2d ___ (Ala.Crim.App. 2000). The Court of Criminal Appeals held in Heath that, although the wife's murder was carried out in Georgia, the fact that she was kidnapped in Alabama and taken to Georgia constituted the commencement of the crime of murder during a kidnapping and provided Alabama with jurisdiction. 536 So.2d at 143.
Even more to the point, in De Graffenried v. State, 28 Ala. App. 291,182 So. 482 (1938), the defendant procured a blank divorce form in Russell County, Alabama, and, after leaving the state, forged the name of the judge and register on the form and filed it in another state. The Court of Appeals held that the State of Alabama could not indict De Graffenried for forgery, because the offense was not committed until the names were affixed — that procuring a blank form with the intent to complete it by forging signatures was not the commencement of "forgery," within the wording of the forgery statute. 28 Ala. App. at 292-93,182 So. at 483-84.
We find De Graffenried on point with the facts of this case. Jay Auto gave James permission to take the vehicle back to Georgia, "subject to credit approval." Thus, when he left Alabama with the vehicle, he did so with authorized control rather than unauthorized control. It was not until Jay Auto had told James to return the vehicle that his possession of the vehicle became unauthorized and his retention of the vehicle such as to meet the elements of theft of property. At that time, however, James was in Georgia, not Alabama. Thus, the State failed to prove that James exerted "unauthorized control" over the vehicle, within the State of Alabama, as charged in the indictment and, therefore, the State was without jurisdiction.
The judgment of the Court of Criminal Appeals is reversed, because the circuit court lacked jurisdiction. The cause is remanded for the Court of Criminal Appeals to enter an order consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Houston, Cook, See, Brown, Johnstone, and England, JJ., concur.
Maddox, J., dissents.
[1] The NCIC provides information on crimes committed in the various states.