After Remand from the Alabama Supreme Court

McMILLAN, Judge.
The Alabama Supreme Court in Ex parte James, 780 So.2d 693 (Ala.2000), held that the circuit court lacked jurisdiction because “the State failed to prove that James exerted ‘unauthorized control’ over the vehicle within the State of Alabama, as charged in the indictment and, therefore, the State was without jurisdiction.” This holding addresses subject-matter jurisdiction rather than venue.
“The Constitution of Alabama states that ‘[t]he circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law.’ Ala. Const. Amend. 328, § 6.04(b)(1901). Code of Alabama states that, in criminal matters, ‘[t]he circuit court shall exclusive original jurisdiction of all felony prosecutions....’ Ala. Code § 12-11-30(10) (1975).
“Therefore, for a circuit court in this State to have subject matter jurisdiction, the State must prove beyond a reasonable doubt that a felony was committed in Alabama.”
Rothchild v. State, 558 So.2d 981, 984 (Ala.Cr.App.1989). (Footnote omitted.)
“The ‘subject matter’ in the criminal setting is the crime itself. Therefore, if the crime is committed in this State, our courts have subject matter jurisdiction.” Rothchild v. State, supra, at 983. Thus, because the Alabama Supreme Court has held that the trial court did not have subject-matter jurisdiction over the offense in this case, the judgment of the circuit court is due to be annulled and this appeal is due to be dismissed.
“Our supreme court has held that ‘[t]he question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person or the subject matter, a court has no power to act....’ Mobile & Gulf Railroad Co. v. Crocker, 455 So.2d 829, 831 (Ala.1984) (citation omitted). In this case, the trial court did not have subject matter jurisdiction over this action. ‘A court without jurisdiction cannot render a valid decision.’ Berry v. Pike County Board
*698 of Education, 448 So.2d 815, 817 (Ala.1984). Since the trial court lacked jurisdiction, its judgment ... was without effect. Accordingly, we find that the judgment of the trial court is void. It is well-settled law in Alabama that a void judgment will not support an appeal. Underwood v. State, 439 So.2d 125 (Ala.1983).
“ ‘This court can acquire no jurisdiction of such an appeal even by consent of the parties ..., and we must take notice of our own want of jurisdiction apparent on the record. The appeal in this case must therefore be dismissed.’
“Straszewicz v. Gallman, 342 So.2d 1322, 1322 (Ala.Civ.App.1977).”
Sloop v. Sloop, 615 So.2d 635, 636 (Ala.Civ.App.1992).
JUDGMENT OF THE CIRCUIT COURT ANNULLED; APPEAL DISMISSED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.