The petitioner was convicted of murder during a kidnapping in violation of § 13A-5-40 (a)(1), Code of Alabama, and was sentenced to die. The Court of Criminal Appeals reviewed the petitioner's conviction and, after independently determining that the death penalty was appropriate, affirmed his conviction and sentence. Heath v. State, 455 So.2d 898 (Ala.Crim.App. 1983). We granted certiorari pursuant to A.R.A.P. 39 (c).
The facts are set out in detail in exhibit A to the opinion of the Court of Criminal Appeals. In short, Heath hired two men to abduct and murder his wife. After she was kidnapped and shot, her abductors abandoned her body in Georgia. Heath pleaded guilty to murder charges brought in Georgia and was sentenced to life in prison.
In his appeal to the Court of Criminal Appeals and in his petition to this Court, Heath raised only one issue, whether Alabama was prohibited by the double jeopardy provisions of the United States and the Alabama Constitutions from prosecuting Heath for his wife's murder after his murder conviction in Georgia arising out of the same incident. United States Constitution, Amendment V.; Alabama Constitution Art. 1, § 9. *Page 906 
We agree with the Court of Criminal Appeals that the Double Jeopardy Clause of the Fifth Amendment and the double jeopardy clause of the Alabama Constitution each applies only to offenses against the same sovereign and, therefore, that the subsequent prosecution in Alabama was not barred. Prosecutions under the laws of separate sovereigns do not improperly subject an accused twice to prosecutions for the same offense. UnitedStates v. Wheeler, 435 U.S. 313, 317, 98 S.Ct. 1079, 1082,55 L.Ed.2d 303 (1978). Thus, a federal prosecution does not bar a subsequent state prosecution of the same person for the same acts on which the federal prosecution was based; nor does a prior state prosecution bar a federal one. Abbate v. UnitedStates, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959);Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684
(1959). As the Supreme Court stated in United States v.Wheeler, 435 U.S. at 320, 98 S.Ct. at 1084:
 "Bartkus and Abbate rest on the basic structure of our federal system, in which States and the National Government are separate political communities. State and Federal Governments `[derive] power from different sources,' each from the organic law that established it. United States v. Lanza, 260 U.S. 377, 382 [43 S.Ct. 141, 142, 67 L.Ed. 314]. Each has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses, and in doing so each `is exercising its own sovereignty, not that of the other.' Ibid. And while the States, as well as the Federal Government, are subject to the overriding requirements of the Federal Constitution, and the Supremacy Clause gives Congress within its sphere the power to enact laws superseding conflicting laws of the States, this degree of federal control over the exercise of state governmental power does not detract from the fact that it is a State's own sovereignty which is the origin of its power."
The Supreme Court has never considered the question of the applicability, vel non, of the "dual sovereignty" doctrine to consecutive prosecutions by two states. It is clear that the "dual sovereignty" concept does not apply in every instance where successive cases are brought by separate entities. For instance, a state and a municipal subdivision of the same state cannot bring successive prosecutions for offenses arising out of the same conduct. Waller v. Florida, 397 U.S. 387,90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). The states of Alabama and Georgia are clearly separate political sovereignties, however. If, for double jeopardy purposes, Alabama is considered to be a sovereign entity vis-a-vis the federal government then surely it is a sovereign entity vis-a-vis the state of Georgia.
Alabama may choose not to prosecute individuals in situations like the one at bar where the defendant has been convicted of a serious offense and has received a substantial sentence in another state for an offense arising out of an act punishable under Alabama law. Such an exercise of prosecutorial restraint is not constitutionally mandated, however, and we decline to impose such a policy judicially under the guise of a constitutional pronouncement. See Booth v. State, 436 So.2d 36
(Fla. 1983). Such a rule would have the undesirable effect of depriving Alabama of the right to enforce its own laws in instances where another state has prosecuted an individual for an offense arising out of the transaction in question, even where the prosecution in another state is for a relatively minor offense.
After reviewing the record and considering the petition, the arguments of the parties, and the opinion of the Court of Criminal Appeals, we are of the opinion that the judgment of the court below affirming the conviction and death sentence is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY, and ADAMS, JJ., concur. *Page 907