[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, Audie Ray Combs, appeals from the judgment of the Miami County Common Pleas Court which found him to be a sexual predator pursuant to the provisions of Chapter 2950 of the Ohio Revised Code.
Combs was charged by indictment on September 13, 1995 upon two counts of Rape and two counts of Felonious Sexual Penetration, all involving a victim under the age of fourteen. After numerous pre-trial motions, a plea agreement was apparently reached, wherein one of the Felonious Sexual Penetration charges was reduced to Gross Sexual Imposition, with a physical harm specification, the other three counts were dismissed, and Combs pled guilty to the Gross Sexual Imposition charge, while nevertheless protesting his innocence, pursuant to North Carolinav. Alford (1970), 400 U.S. 25. On June 21, 1996, pursuant to Combs' plea, he was sentenced to imprisonment for a minimum term of three years, up to a maximum term of five years. His conviction was affirmed by this court in State v. Combs (April 3, 1998), 97-CA-44, unreported.
On August 20, 1998, the trial court conducted a hearing to determine whether Combs is a sexual predator pursuant to R.C.2950.09(C)(2). On August 24, 1998, the trial court entered its determination. That entry reads as follows:
 This matter came on for hearing August 20, 1998 pursuant to Chapter 2950 of the Revised Code with the defendant and counsel present, as well as the prosecutor. The parties stipulated to the admissibility of the court records (Clerk's office file) and State's Exhibit 1, which is a copy of the institution master file on the defendant.
 The exhibit includes a pre-sentence report and a sex offender assessment performed at the institution in 1997.
 Review of R.C. 2950.09(B)(2) factors and the evidence before the Court results in the conclusion that the State has established by clear and convincing evidence the defendant is a sexual predator as that term is defined in R.C. 2950.01(E).
 The record reflects the defendant had two victims, and he threatened to kill his victims if they told anyone of the sexual abuse. The abuse in this case lasted for years and the defendant used various objects on his victims as well as forcing himself on them. In addition, the defendant is in complete denial and was assessed at the institution as a regressed child molester.
 The violent nature of the defendant's crimes, his refusal to acknowledge his problems with sexually oriented crimes and/or conduct convinces the Court by clear and convincing evidence the defendant is likely, in the future, to engage in sexually oriented offenses. The defendant raises several defenses to the state's claim of sexual predator.
 The defendant claims that such a determination is a violation of his state and federal constitutional rights. Without further discussion and based upon State v. Bradley (June 19, 1998), Montgomery App. No. 16662 and 16664, unreported, the Court overrules the defendant's constitutional claims.
 Accordingly, the defendant is determined to be a sexual predator pursuant to R.C. 2950.09(C). He is required to register in person with the sheriff of the county in which he establishes residency within seven (7) days of coming into the county.
 After this initial registration, the defendant shall verify his residence address in person at the county sheriff's office every ninety (90) days during his lifetime. Failure to comply will result in a criminal prosecution against the defendant.
 The institution shall provide notice to the defendant before his release pursuant to R.C. 2950.03(A)(1).
 The defendant is hereby notified he has the right to appeal this determination and a notice of appeal must be filed within thirty (30) days of the file-stamped date on this entry.
In a single assignment of error, appellant contends he was denied effective assistance of counsel when his counsel stipulated to the State's evidence and presented no evidence on his behalf.
The record shows the prosecution offered into evidence at the hearing, without objection, the defendant's pre-sentence investigation and his institutional records. The latter records included a "sex offender assessment" report.
Defendant's counsel then stated for the record the following:
 MR. KING: Thank you. [off the record] Thank you your Honor. Your Honor Mr. Combs is forty-four years old, he does not have any prior offenses involving sexual conduct, there is only one victim alleged in this case and not multiple victims, no drugs or alcohol involved. He's never been declared mentally ill or have any mental disability, no pattern of abuse or cruelty. He also tells me that he has been, uh, assessed at the institution which finds him at minimal risk for causing any harm or for any re-recidivism. He has had a course in anger management which he successfully had completed. He was eligible for parole and he received a grade level of one which made him certainly eligible for parole but he turned it down. And he turned it down because the, uh, part of the proceedings would have been that he would have to admit that he was guilty of the crime and he still maintains that he's innocent so therefore they didn't grant him parole.
 We would also point out to the Court that this law violates the ex-post facto law and is a law that does not protect his right to equal protection.
 Excuse me your Honor. [Off the record.] He wants the Court to know also he applied for the Monticello program which is a sexual offender type of program and they would not accept him. It's a year long program. The reason they wouldn't accept him is because he made an Alford plea in this case.
The State argues that defendant's counsel was not constitutionally ineffective because counsel may have made the tactical decision to agree to the admission of the reports because live testimony could prove more damaging then sterile reports. Also the State argues the defendant has failed to demonstrate but for counsel's's alleged ineffectiveness the outcome of the sexual predator hearing would have been different. We agree with the State's argument.
We have previously held that tactical decisions do not rise to the level of ineffective assistance of counsel. State v.McKinney (1992), 80 Ohio App.3d 470, 477. Because there are countless ways to provide effective assistance in any given case, the scrutiny of counsel's performance must be highly deferential, and there will be a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.Strickland v. Washington (19984), 466 U.S. 668; see also, State v.Bradley (1989), 42 Ohio St.3d 136. In sum, it must be proven that counsel's performance fell below an objective standard of reasonable representation, and that prejudice arose from his performance.
The pre-sentence investigation is generally admissible at a sexual predator hearing. See, R.C. 2950.09 and R.C. 2929.19. The only arguable issue may be that defense counsel should have required the psychologist, David Ellis, who determined that the defendant was a "regressed child molester" appear at the hearing and be available for cross-examination. Counsel for defendant may have spoken with the psychologist and determined little would be gained by requiring his appearance at the hearing.
Lastly, appellant argues that his counsel did not present any mitigating evidence on his behalf. We do not know whether such evidence exists. Counsel appropriately argued to the court that the pre-sentence report indicated that defendant had no prior criminal record relating to sexual misconduct, and no prior mental illness.
The record submitted to the trial court amply supports the trial court's finding that the defendant is a sexual predator and so the prejudice prong of Strickland v. Washington, supra, has not been satisfied. The assignment of error must be overruled.
Judgment of the trial court is Affirmed.
GRADY, P.J., and FAIN, J., concur.
In the Court of Appeals for Montgomery County, Ohio.