OPINION
On September 8, 1999, defendant, James W. Price, Jr., was indicted on eight counts of sexual battery in violation of R.C. 2907.03 and eight counts of corruption of a minor in violation of R.C. 2907.04. Two of the sexual battery counts and two of the corruption of a minor counts contained sexually violent predator specifications pursuant to R.C.2941.148.
On September 27, 2000, defendant entered a guilty plea, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to two counts of corruption of a minor, felonies of the fourth degree, without the sexual violent predator specifications. Upon application of the prosecuting attorney, the trial court entered a nolle prosequi on the remaining counts. The trial court found defendant guilty of the charges to which the plea was entered. Thereafter, the court ordered preparation of a presentence investigation report ("PSI report") and scheduled a sexual offender classification hearing and a sentencing hearing for November 15, 2000. Following those hearings, the court found defendant to be a sexual predator pursuant to R.C. 2950.09(B) and sentenced defendant to twelve months on each count and ordered that the sentences be served concurrently. Defendant appeals, assigning the following errors:
 [I.] The trial court erred by imposing a sentence of imprisonment without making a prerequisite statutory finding that the defendant was not amenable to an available community control sanction.
 [II.] The trial court abused its discretion by imposing a sentence of imprisonment instead of community control sanctions.
 [III.] The trial court erred in determining that appellant was a sexual predator when the plaintiff did not establish by clear and convincing evidence that he is likely to commit another sexually oriented offense in the future, in that such finding was contrary to the weight of the evidence available to the court.
 [IV.] The trial court erred in determining that appellant was a sexual predator when the plaintiff did not produce sufficient evidence to prove that he is likely to commit another sexually oriented offense in the future.
 [V.] Appellant was denied the effective assistance of counsel.
We ascertain the basic facts of this case from the prosecution's recitation at the time of defendant's plea and the PSI report. Brian Sagle, age fourteen, dated defendant's daughter. Defendant, age thirty-six, volunteered to help care for Brian and his identical twin brother, Nicholas, as their father was a recently divorced truck driver who was often away from home. Defendant was aware that Nicholas had problems with drug and alcohol abuse.
Between August 1997 and August 1998, defendant performed fellatio on Brian, against his will and over his objections, on at least four occasions. Two of the incidents occurred while defendant was driving Brian home from visits with defendant's family. According to Brian, defendant would park the car in a secluded area and then initiate the sexual conduct. Two other incidents occurred when defendant and Brian were alone in Brian's home.
In August 1998, Nicholas, age fifteen, returned home from a six-month stay in a substance abuse treatment program. From August 1998 to October 1998, defendant performed fellatio on Nicholas ten to twelve times, against his will and over his objections. Several of the incidents occurred after defendant provided Nicholas with chewing tobacco and alcohol.
On December 2, and December 9, 1998, respectively, Nicholas and Brian recounted the foregoing allegations against defendant to the police. When defendant was interviewed by police on December 16, 1998, he denied all allegations asserted by the Sagles. Defendant stated only that he offered to transport Brian and Nicholas to school events and other outings because his daughter was dating Brian. He admitted obtaining chewing tobacco for Nicholas, but denied purchasing beer for him. He further stated that he believed the boys made the accusations against him because he had discovered a note his daughter had written to Nicholas in which she indicated that she had had sexual relations with Brian. After finding the note, defendant contacted the boys' father and asked him for advice on how to handle the situation. Later that evening, the boys' father called defendant and accused him of "doing things" to his sons. (PSI report at 6). Defendant told him that the boys were lying.)
During his PSI interview, defendant maintained that he had never had sexual contact of any kind with either Brian or Nicholas. He admitted knowledge of Nicholas's drug and alcohol problems. Defendant expressed indignation at his legal situation and blamed his daughter, his ex-wife, Brian and Nicholas. The PSI report further indicated that prior to the instant case, defendant had no criminal record, was gainfully employed and maintained custody of his four minor children after his divorce.
At the November 15, 2000 sentencing hearing, the court stated, in pertinent part:
 It is the view of the court that this offense was the most serious offense of the type that could be involved in the charge here. That is, the facts are of that nature.
* * *
 * * * I do believe, given the nature of the offense and the prior conduct by Mr. Price, assuming that to be true and I believe that it is true that he is highly likely to reoffend. * * * He has not had any prior record before. He is 38 years old.
 Therefore, the sentence of this court is that you be confined for 12 months at the ODRC * * * .
 I believe this is an appealable sentence because the presumption is for Community Control. [Tr. 25.]
On November 17, 2000, the trial court filed the following judgment entry, which provided in part:
 * * * The Defendant * * * entered pleas of guilty to Counts 10 and 16 of the Indictment, to wit: Corruption of a Minor, both violations of Section 2907.04 of the Ohio Revised Code, both Felonies of the Fourth degree.
* * *
 The Court afforded counsel an opportunity to speak on behalf of the Defendant and addressed the Defendant personally affording him an opportunity to make a statement on his own behalf in the form of mitigation and to present information regarding the existence or non-existence of the factors the Court has considered and weighed.
 The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14
 The Court stated on the record its reasons for imposing the following sentence: Twelve (12) Months on each count in the OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS; said sentences to run concurrent with each other.
 After imposing sentence, the Court gave its finding and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and (c)(d) and (e).
By his first assignment of error, defendant contends that the sentence of imprisonment was contrary to law because the trial court did not enter a finding that defendant was not amenable to an available community control sanction[1] as required under R.C. 2929.13(B)(2)(a).
R.C. 2953.08 sets forth the rights and procedures for appellate review of sentences alleged to violate R.C. Chapter 2929. Felony sentences are no longer reviewed under the abuse of discretion standard. State v. Huff (Nov. 20, 2000), Jefferson App. No. 98 JE 23, unreported.
The version of R.C. 2953.08(A) in effect at the time defendant was sentenced set forth six grounds for a defendant's appeal of right, two of which warrant discussion:
 (2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth * * * degree * * * and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
* * *
(4) The sentence is contrary to law.
As noted previously, defendant pled guilty to two counts of corruption of a minor in violation of R.C. 2907.04. A violation of this section is a felony of the fourth degree, for which a court may impose a prison term from six to eighteen months. R.C. 2929.14(A)(4). Defendant was sentenced to twelve months on each count.
Pursuant to R.C. 2953.08(A)(2), defendant would have a right to appeal his sentences if the trial court failed to make a finding that one or more of the factors specified in R.C. 2929.13(B)(1) applied relative to defendant. The only factor applicable to the instant case is R.C.2929.13(B)(1)(f), which states, in pertinent part, that:
 * * * in sentencing an offender for a felony of the fourth * * * degree, the sentencing court shall determine whether any of the following apply:
* * *
 (f) The offense is a sex offense that is a fourth * * * degree felony violation of section * * * 2907.04 * * * .
Although there is nothing in the transcript of the sentencing hearing which definitively shows that the trial court considered R.C.2929.13(B)(1)(f), the court stated in the judgment entry that defendant pled guilty to two counts of corruption of a minor, a sex offense that is a fourth degree felony violation of R.C. 2907.04. In addition, the court stated in the judgment entry that it had "weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and 2929.14." Accordingly, because the trial court specified that it found at least one of the R.C. 2929.13(B)(1) factors to apply relative to defendant, defendant has no basis for appeal under R.C. 2953.08(A)(2).
However, this court has interpreted the grounds for appeal under R.C.2953.08(A)(1)-(6) as independent and separate provisions, rather than as mutually exclusive provisions. State v. Jones (Nov. 4, 1999), Franklin App. No. 99AP-72, unreported. In the instant case, defendant contends that his sentence is contrary to law, which is the basis for appeal under R.C. 2953.08(A)(4). Accordingly, we find that defendant has a valid basis on which to bring this appeal.
The applicable standard of review is set forth in R.C. 2953.08(G)(1), which provides that an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
That the record does not support the sentence;
* * *
That the sentence is otherwise contrary to law.
Upon appeal of a sentence under R.C. 2953.08, an appellate court must review the PSI report, the trial record and any oral or written statements made to or by the court at the sentencing hearing when the sentence was imposed. R.C. 2953.08(F)(1)-(3). See, also, R.C.2929.19(B)(1).
R.C. 2929.13(B) governs a trial court's sentencing of an offender who commits a fourth degree felony. Pursuant to R.C. 2929.13(B)(2)(a), the court is first required to determine whether any of nine factors specified in R.C. 2929.13(B)(1) apply to the case before it. As previously noted, the only factor applicable to the instant case is R.C.2929.13(B)(1)(f).
R.C. 2929.13(B)(2)(a) further requires that if the court makes a finding that at least one of the R.C. 2929.13(B)(1) factors is applicable, and if the court, after considering the factors specified in R.C. 2929.12 with regard to the seriousness of the offense and the recidivisit nature of the offender, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and finds that the offender is not amenable to an available community control sanction, "the court shall impose a prison term upon the offender."
Pursuant to R.C. 2929.11(A), the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) provides that the sentence must also be "reasonably calculated" to achieve the overriding purposes of sentencing under R.C. Chapter 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
Under R.C. 2929.13(B)(2)(b), if the court does not make a finding that one or more of the R.C. 2929.13(B)(1) factors is applicable, and if the court, after considering the R.C. 2929.12 factors, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court "shall impose a community control sanction or combination of community control sanctions upon the offender."
Further, when imposing a prison term for a fourth degree felony, R.C.2929.19(B)(2)(a) specifically requires that the court "shall make a finding that gives its reasons for selecting the sentence imposed," and that the court's reasons for imposing the prison term, as reflected in its finding, be "based upon the overriding purposes and principles of felony sentencing set forth in section R.C. 2929.11 of the Revised Code and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13
of the Revised Code that it found to apply relative to the offender."
As noted previously, our review of the record reveals that the trial court made a finding that R.C. 2929.13(B)(1)(f) applies to the instant case because the judgment entry set forth that the offenses at issue were sex offenses that are fourth degree felony violations of R.C. 2907.04 and that the trial court considered the applicable R.C. 2929.13 factors. Further, the record reveals that the trial court considered the factors set forth in R.C. 2929.12. At the sentencing hearing, the trial court found that defendant committed a serious offense and that given the nature of the offenses and his prior conduct, defendant was likely to reoffend. In addition, the trial court stated in its judgment entry that it had "considered the factors set forth in R.C. 2929.12."
However, although the trial court further stated in its judgment entry that it had "considered the purposes and principles of sentencing set forth in R.C. 2929.11," the court failed to make a finding, either at the sentencing hearing or in its judgment entry, that "a prison term is consistent with the purposes and principles of sentencing." In addition, the trial court failed to make a finding, either at the sentencing hearing or in its judgment entry, that defendant is "not amenable to an available community control sanction." The trial court stated only that it believed the sentence was appealable because "the presumption is for Community Control." We do not find this statement sufficient to constitute a finding that defendant is not amenable to community control. Concededly, the trial court was not required to pronounce talismanic words to comply with the guidelines and factors for sentencing. However, it must be clear from the record that the trial court made the required statutory findings under R.C. 2929.13(B). The Ohio Supreme Court has held that when a statute expressly requires the trial court to make a "finding," the requirement is not satisfied unless the trial court notes that it engaged in the required analysis and selects one of the statutory criteria. State v. Edmonson (1999),86 Ohio St.3d 324, 326.
R.C. 2929.13(B)(2)(a) requires that the trial court specify that prison is consistent with the purposes and principles of sentencing and that the offender is not amenable to community control. Without specifying those findings, this court cannot presume from the record that the trial court engaged in the required analysis or that it made the necessary findings under R.C. 2929.13. Therefore, we conclude that the trial court did not adhere to the applicable statutory requirements when imposing a term of imprisonment, rather than an available community control sanction, on defendant for his fourth degree felony conviction. Accordingly, we hold that the record, clearly and convincingly, does not support the prison term imposed, and that the sentence is otherwise contrary to law and must be vacated pursuant to R.C. 2953.08(G)(2)(a) and (d). See State v. Abbington (Aug. 8, 2000), Franklin App. No. 99AP-1337, unreported. On remand, the trial court is free to consider the entire range of available sentences, including both imprisonment and community control. However, the sentence must be imposed after compliance with the pertinent statutes. Accordingly, the first assignment of error is well-taken.
By the second assignment of error, defendant contends that the record does not support the trial court's imposition of a prison sentence. Our disposition of the first assignment of error renders defendant's contention moot. Accordingly, the second assignment of error is moot. Abbington, supra.
As the third and fourth assignments of error are interrelated, we address them simultaneously. By these assignments of error, defendant contends that the judgment classifying him as a sexual predator is not supported by sufficient evidence, or, in the alternative, is against the manifest weight of the evidence.
In State v. Morrison (Sept. 20, 2001), Franklin App. No. 01AP-66, unreported, this court recently clarified the standard to be applied in reviewing manifest weight and sufficiency of the evidence arguments raised in an appeal from an R.C. Chapter 2950 proceeding. That standard is set forth in State v. Thompkins (1997), 78 Ohio St.3d 380, wherein the Ohio Supreme Court delineated a clear distinction between manifest weight arguments and sufficiency arguments. As this court noted in Morrison, supra:
 * * * [U]nder Thompkins, a court of appeals addressing manifest weight arguments * * * sitting as a "thirteenth juror" * * * reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *
 * * * With respect to sufficiency of the evidence, Thompkins states that "sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict" to determine whether the case may go to the jury or support the jury verdict as a matter of law. * * * [Id.]
A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Since corruption of a minor is a sexually oriented offense pursuant to R.C. 2950.01(D)(2)(a), the issue is whether the state proves by clear and convincing evidence that defendant is likely to engage in future sexually oriented offenses. State v. Cook (1998),83 Ohio St.3d 404, 423-424. Clear and convincing is "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Although the standard set forth in R.C. 2950.01(E) looks toward defendant's propensity to engage in future behavior, a trier of fact may look at past behavior as well, since past behavior is often an important indicator of future propensity. State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730, citing Kansas v. Hendricks (1997), 51 U.S. 356, 358. R.C. 2950.09(B)(2) requires the trial court to consider "all relevant factors" in making a sexual predator determination, including, but not limited to, those enumerated in the statute:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contract, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 And additional behavioral characteristics that contribute to the offender's conduct.
At the sexual classification hearing, the trial court noted it had reviewed the facts as presented by the prosecution at both the plea hearing and the sexual classification hearing, as well the extensive factual narration contained in the PSI report. Thereafter, the court engaged in an analysis of the factors enumerated in R.C. 2950.09(B)(1) and concluded, based upon such analysis, that defendant should be classified a sexual predator. Specifically, the court noted that: defendant was thirty-eight years old (at the time of the hearing); defendant had no prior criminal record; the victims were fourteen and fifteen years old at the time the offenses were committed; the offense involved multiple victims; drugs were used to impair one of the victims; defendant has no mental illness or disabilities; the nature of the sexual activity was fellatio and was part of a demonstrated pattern of abuse; defendant did not use cruelty in committing the offense; and no additional behavioral characteristics contributed to defendant's conduct, other than that the court believed that defendant was "compelled" to commit the offenses. The court reiterated its analysis in its November 17, 2000 judgment entry.
We find the evidence presented in the instant case, and upon which the trial court relied, more than sufficient to demonstrate that defendant is likely to engage in the future in one or more sexually oriented offenses. As noted by the trial court, the evidence corresponds with several of the factors set forth in R.C. 2950.09(B)(2). In particular, defendant was thirty-six years old at the time he committed the offenses. R.C. 2950.09(B)(2)(a). Defendant was clearly "old enough to recognize the societal ban on conduct he was undertaking." State v. Golden (July 17, 2001), Franklin App. No. 00AP-1247, unreported. Both victims were in their early teens. R.C. 2950.09(B)(2)(c). "The age of the victim is probative because it serves as a telling indicator of the depths of an offender's ability to refrain from such illegal conduct." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830. The offenses involved multiple victims and multiple incidents and were committed over a two year period. R.C. 2950.09(B)(2)(d). Whether a defendant has committed multiple sex offenses is an important factor to consider when making a sexual predator determination. State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported. The commission of sex offenses over a period of time demonstrates that the defendant has a compulsion and that he likely "will have a similar compulsion in the future to commit these kinds of sexual offenses." State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported.
Further, the evidence establishes that defendant provided Nicholas with alcohol prior to the sexual conduct. R.C. 2950.09(B)(2)(e). Defendant argues that this evidence does not support the trial court's conclusion that defendant used alcohol to "impair" Nicholas. We disagree. In State v. DeGroat (Sept. 6, 2001), Franklin App. No. 00AP-1485, unreported, this court determined that evidence that an offender provided his twelve-year-old victim "a few sips of beer" was sufficient to implicate R.C. 2950.09(B)(2)(e).
The nature of defendant's conduct was part of a demonstrated pattern of abuse. R.C. 2950.09(B)(2)(h). The incidents involved fellatio with identical twin brothers, both of whom were well acquainted with defendant and over whom defendant had taken a supervisory role. In addition, defendant continues to deny any wrongdoing and has shown no remorse for the crimes. Defendant's attitude toward his own actions weighs in favor of a sexual predator status. State v. Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305, unreported.
Defendant argues that the trial court's analysis of the R.C.2950.09(B)(2) factors does not support a finding that defendant is likely to commit sexually oriented offenses in the future because the court's finding was based on: (1) two negative factors (that the offenses involved multiple victims and were part of a demonstrated pattern of abuse); (2) two positive factors (that defendant had no prior criminal record and did not use cruelty in committing the offenses); (3) one neutral factor (that no additional behavioral characteristics contributed to defendant's conduct); (4) three factors of "questionable meaning," (defendant's age, the victims' ages, and the fact that defendant has no mental illness or disabilities; and (5) one "clearly erroneous factual conclusion" (that drugs were used to impair one of the victims). For the reasons set forth above, we find no merit to defendant's contention that the record in this case was "too mixed and too thin" to support the trial court's finding. As noted in Lewis, supra, the R.C. 2950.09(B)(2) factors are "guidelines for the court and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." Id. In addition, defendant's lack of a prior record does not diminish the potential for recidivism. Id. (noting that while defendant's lack of prior criminal activity, excellent prison record, and attempt to educate himself for employment after release from prison were all favorable factors, "they have little relevance to the likelihood of appellant to commit future sexual offenses").
Accordingly, after having reviewed the entire record, we find that under Thompkins, there is sufficient evidence to support the trial court's conclusion that the state met its burden, by clear and convincing evidence, that defendant is likely to commit future sexually oriented offenses, and that after a limited weighing of the evidence, there is sufficient competent, credible evidence to permit reasonable minds to find such a probability. Accordingly, the third and fourth assignments of error are not well-taken.
By the fifth assignment of error, defendant contends that he was denied effective assistance of counsel at the sexual offender classification hearing. To succeed on a claim of ineffective assistance of counsel, defendant must satisfy a two-prong test. First, he must demonstrate that counsel's performance was deficient. Strickland v. Washington (1984),466 U.S. 668, 687. If defendant so demonstrates, he must then show that "there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Id. at 694. Furthermore, "[a]s to `deficient performance,' a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Ballew (1996),76 Ohio St.3d 244, 255-256. In Ohio, a properly licensed attorney is presumed competent and the burden is upon the defendant to demonstrate otherwise. State v. Lytle (1976), 48 Ohio St.2d 391, 397.
Initially, we note that this court has determined that because a sexual offender classification hearing is a civil proceeding, neither the United States Constitution nor the Ohio Constitution afford an offender the right to counsel at such a hearing. State v. Thomas (Aug. 23, 2001), Franklin App. No. 00AP-1242, unreported, citing State v. Furlong (Feb. 6, 2001), Franklin App. No. 00AP-637, unreported. However, this court has further determined that an offender does have a statutory right to counsel under R.C. 2950.09(B)(1).[2] Id. Further, in State v. Dotson (Mar. 12, 2001), Washington App. No. 99CA33, unreported, the Fourth District Court of Appeals held that "[t]he right to counsel, whether that right is constitutional or statutory is meaningless without the right to effective counsel." Accordingly, we find that the Strickland standard for ineffective assistance of counsel applies to defendant's fifth assignment of error.
Defendant first claims that defense counsel should have called the victims as witnesses because defendant disputed their version of events. Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992),75 Ohio App.3d 219, 230. A failure by defense counsel to call a witness at trial does not constitute ineffective assistance of counsel absent a showing of prejudice. State v. Williams (1991), 74 Ohio App.3d 686,695. Defendant does not offer any suggestion as to how the victims' testimony would have aided his defense. Further, trial counsel may have reasonably believed that the victims may have been credible witnesses whose testimony may have further harmed the defense.
Defendant next claims that defense counsel was ineffective because he failed to comment upon the evidence set forth by the state. An attorney's strategic decisions and trial tactics will not support a claim of ineffective assistance of counsel. State v. McKinney (1992),80 Ohio App.3d 470, 477. In our view, defense counsel did well to secure the plea bargain under which defendant ultimately entered his guilty pleas. As noted previously, in return for defendant's pleas on the two corruption of a minor counts, the state agreed to enter a nolle prosequi on six additional fourth degree felony counts and eight additional third degree felony counts. If defendant had proceeded to trial and been convicted on all counts, he would have faced the potential for a significantly longer term of imprisonment than that which he received in exchange for his plea. Further, even if this court were to determine that defense counsel's failure to comment upon the evidence constituted ineffective assistance of counsel, in light of the overwhelming evidence that supports the trial court's determination, there is no reasonable probability that the outcome of the proceeding would have been different. See State v. Pipher (Feb. 21, 2001), Wayne App. No. 00CA0047, unreported. (Based upon overwhelming evidence supporting trial court's classification of appellant as sexual predator, no prejudice resulted from defense counsel's complete failure to assist appellant at the sexual predator hearing).
Finally, defendant maintains that defense counsel was ineffective in failing to request appointment of an expert. Presumably, defendant is referring to the testimony of a psychologist or psychiatrist. In support of his contention, defendant relies upon State v. Eppinger (2001),91 Ohio St.3d 158 . In that case, Eppinger had been convicted of rape, kidnapping and assault, but had never before been convicted of or pled guilty to any other sexually oriented offenses. Prior to the sexual offender classification hearing, defendant filed a motion for appointment of a psychological/psychiatric expert to testify on his behalf at the hearing. The trial court denied the motion. The Supreme Court of Ohio held that "[a]n expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Id. at syllabus. The court reasoned that "one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism." Id. at 162.
Defendant's reliance on Eppinger is misplaced. Eppinger did not involve an ineffective assistance claim. To the contrary, defense counsel requested a psychological/psychiatric evaluation, which the trial court summarily denied. Further, the Eppinger court did not hold that appointment of a psychological/psychiatric expert is mandatory. The court held only that appointment of an expert may be warranted in certain circumstances. Thus, the decision of whether expert psychological/psychiatric assistance must be provided is left to the sound discretion of the trial court for determination on a case-by-case basis. State v. Goodall (July 6, 2000), Cuyahoga App. No. 76491, unreported. Further, the Goodall court held that an indigent defendant is entitled to the appointment of a psychiatric/psychological expert at state expense if need is demonstrated. To demonstrate need, a defendant must show "`more than a mere possibility of assistance from an expert.'" Id., quoting State v. Broom (1988), 40 Ohio St.3d 277, 383. In our view, this holding is consistent with the result reached by the Ohio Supreme Court in Eppinger.
The decision whether or not to call an expert witness is solely a matter of trial strategy. State v. Coleman (1989), 45 Ohio St.3d 298,307-308. A decision by defense counsel not to call an expert witness generally will not sustain an ineffective assistance of counsel claim. State v. Thompson (1987), 33 Ohio St.3d 1, 10-11. Even if we were to conclude that defendant's counsel was ineffective in failing to request appointment of a psychological/psychiatric expert, defendant has not demonstrated that he was prejudiced thereby. To demonstrate prejudice, defendant must establish that the testimony of such witness would have significantly assisted the defense and that the testimony would have affected the outcome of the proceeding. Dotson, supra; State v. Otero (Mar. 10, 2000), Greene App. No. 99-CA-43, unreported; State v. Burlile (Mar. 10, 2000), Seneca App. No. 13-99-53, unreported. As noted previously, it is defendant's burden to demonstrate that the result of the proceeding would have been different in the absence of counsel's errors. In our view, defendant has not met his burden. Accordingly, the fifth assignment of error is not well-taken.
For the foregoing reasons, defendant's first assignment of error is sustained, his second assignment of error is moot, and his third, fourth and fifth assignments of error are overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
BRYANT, P.J., and BOWMAN, J., concur.
[1] A "community control sanction" is defined by R.C. 2929.01(F) as a sanction that is not a prison term and is described in R.C. 2929.15
(community control), R.C. 2929.16 (residential sanctions), R.C. 2929.17
(nonresidential sanctions), or R.C. 2929.18 (financial sanctions; restitution).
[2] R.C. 2950.09(B)(1) states, in relevant part: "The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender."