[Cite as *State v. Glowka*, 2013-Ohio-3080.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                  :

       Plaintiff-Appellee,                 :

    - vs -                                          :

ADAM M. GLOWKA,                         :

       Defendant-Appellant.            :

CASE NO. CA2012-10-203

O P I N I O N
7/15/2013

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-12-2056

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for defendant-appellant

**M. POWELL, J.**

{¶ 1}  Defendant-appellant, Adam M. Glowka, appeals a decision of the Butler County Common Pleas Court sentencing him to 12 months incarceration for the unauthorized use of a motor vehicle in violation of R.C. 2913.03,.

{¶ 2}  On February 22, 2012, appellant was indicted on three counts, including one count of grand theft of a motor vehicle, one count of receiving stolen property, and one count of driving under suspension.  On August 21, 2012, pursuant to a plea bargain agreement,

appellant pleaded guilty to a reduced charge of unauthorized use of a motor vehicle, a felony of the fifth degree, in violation of R.C. 2913.03. The charges of receiving stolen property and driving under suspension were merged into the unauthorized use charge.

{¶ 3} On September 25, 2012, appellant appeared for sentencing and requested a continuance until October 23, 2012. Appellant argued that a continuance should be granted because (1) he had federal criminal charges pending against him and that case was continued for disposition, not at appellant's request, until October 11, 2012; (2) he requested his trial counsel do research on the topic of jail-time credit; and (3) trial counsel needed to investigate potential mitigation evidence. The trial court denied appellant's motion for continuance and sentenced appellant to 12 months in prison, the maximum sentence possible for a fifth-degree felony. Appellant was credited with serving 14 days of the 12-month sentence.

{¶ 4} From the trial court's sentence, appellant appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION FOR A CONTINUANCE.

{¶ 7} In his first assignment of error, appellant argues the trial court abused its discretion in denying his motion for continuance, as such denial violated his federal and state constitutional rights to due process and effective assistance of counsel.

{¶ 8} "A trial court has broad discretion in determining whether to grant or deny a continuance." *State v. Bullock,* 12th Dist. No. CA2005-04-031, 2006-Ohio-598, ¶ 12, citing *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). "An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *Unger* at 66; *Bullock* at ¶ 12. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or

unconscionable, and not merely an error of law or judgment. *Bullock* at ¶ 12. "In ruling upon a motion for a continuance, 'the trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant.'" *U.S. Bank v. Fitzgerrel*, 12th Dist. No. CA2011-09-063, 2012-Ohio-4522, ¶18, quoting *In re R.S.*, 12th Dist. No. CA2011-03-053, 2011-Ohio-4247, ¶ 16. In its evaluation of the motion, the court may consider "the length of the delay requested, prior continuances, inconvenience, the reason for the delay, whether the defendant contributed to the delay, and any other relevant factors." *Bullock* at ¶ 12, citing *Unger* at 67-68.

{¶ 9} Here, appellant contends the trial court erred in denying the motion for continuance where (1) appellant provided three "legitimate reasons" for delay; (2) the delay requested was for four weeks; (3) only one prior continuance had been requested by appellant; (4) the state did not object to the motion or argue that a continuance would be inconvenient; and (5) appellant did not contribute to the delay.

{¶ 10} From our review of the record, we find that the trial court did not abuse its discretion in denying appellant's motion for continuance. Although the motion was only the second continuance requested by appellant, the state did not object, and the period of time requested was four weeks, appellant failed to demonstrate how he would be prejudiced if the sentencing disposition was not continued from September 25, 2012 to October 11, 2012.

{¶ 11} Appellant's initial reason for requesting the continuance was so that appellant could first be sentenced in federal court, thereby allowing the trial court to determine whether appellant's state charges should be run consecutively or concurrently with his federal charges. However, "'states are separate sovereigns with respect to the federal government.'" *State v. King*, 8th Dist. No. 95492, 2011-Ohio-2916, ¶ 21, citing *State v. McKinney*, 80 Ohio App.3d 470, 474 (2d Dist.1992). Therefore, "the trial court was not required to consider the federal case" in sentencing appellant in state court. *Id.* Furthermore, after being sentenced

by the trial court, appellant had the opportunity to argue before the federal court that his sentences should be run concurrently.

{¶ 12} Appellant's remaining reasons for the continuance were so that trial counsel could perform research on the issues of mitigation evidence and jail-time credit. Yet, appellant fails to demonstrate why trial counsel was unable to perform this research during the five weeks between appellant's guilty plea and the sentencing hearing. Additionally, trial counsel did present mitigating evidence by discussing appellant's straightforward behavior during the presentence investigation, the potential sentencing outcome of appellant's federal case, the fact that appellant earned his GED during a previous period of incarceration, and the fact that appellant's difficulty with substance abuse negatively affected his life. Furthermore, the trial court ordered a jail-time credit audit to ensure that appellant was entitled to only 14 days. The trial court provided that the jail-time credit would be increased if appellant was entitled to additional credit.

{¶ 13} Thus, appellant failed to demonstrate that he was prejudiced by the trial court's denial of his motion for continuance. As such, the trial court did not abuse its discretion in sentencing appellant on September 25, 2012. The trial court's denial of the motion for continuance properly balanced the court's interest in controlling its docket and the public's interest in an efficient judicial system against the possibility of prejudice to the defendant. Therefore, appellant's due process rights were not violated by the trial court's denial of his motion for continuance.

{¶ 14} Accordingly, appellant's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT IMPOSED A MAXIMUM SENTENCE FOR A FIFTH DEGREE FELONY.

{¶ 17} In his second assignment of error, appellant contends the trial court erred in

sentencing appellant to the maximum sentence for a fifth-degree felony. Specifically, appellant argues that, because R.C. 2929.13(B) "disfavors maximum sentences" for felonies of the fifth degree and "favors community control for non-violent offenses," the trial court erred in imposing the maximum 12-month sentence.

{¶ 18} Before addressing appellant's second assignment of error, we note that the trial court complied with the sentencing laws of 2011 Am.Sub.H.B. No. 86 ("H.B. 86"). Though H.B. 86, through the newly-enacted R.C. 2929.13(B)(1)(a), established a preference for, and in certain conditions, a presumption of, community control sanctions for fifth-degree felonies, this presumption does not apply in this case, as appellant had previously been convicted of or pleaded guilty to a felony offense and had served a prison term. *See* R.C. 2929.13(B)(1)(a)(i) ("[I]f an offender is convicted of or pleads guilty to a felony of the * * * fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if * * * the offender previously has not been convicted of or pleaded guilty to a felony offense"); R.C. 2929.13(B)(1)(b)(x) (the trial court "has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the * * * fifth degree that is not an offense of violence or that is a qualifying assault offense if * * * the offender previously had served a prison term"); *State v. Snyder*, 3rd Dist. No. 13-11-37, 2012-Ohio-3069, ¶20. Accordingly, the trial court appropriately determined that a prison sentence was permissible in the present case.

{¶ 19} The issue then becomes whether the trial court erred in sentencing appellant to the maximum possible prison term for a felony of the fifth degree. In reviewing felony sentences, appellate courts must apply a two-step approach:

> First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's

decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26; *State v. Rose*, 12th Dist. No. CA2011-11-214, 2012-Ohio-5607, ¶ 77.

{¶ 20} "In applying the first prong of the test outlined in *Kalish*, a trial court must consider the statutes that are specific to the case itself." *Rose* at ¶ 78, citing *State v. Bishop*, 12th Dist. No. CA2010-08-054, 2011-Ohio-3429, ¶ 15, and *Kalish* at ¶ 13-14. "A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *Id.*, citing *State v. Elliott,* 12th Dist. No. CA2009-03-020, 2009-Ohio-5926, ¶ 10; *Kalish* at ¶ 18.

{¶ 21} Through H.B. 86, the General Assembly amended R.C. 2929.11 to provide that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11. "Even in light of these changes made by H.B. 86, there is still no 'mandate' for the sentencing court to engage in any factual findings under R.C. 2929.11 or R.C. 2929.12." *Rose* at ¶ 78, citing *State v. Putnam*, 11th Dist. No.2012-L-026, 2012-Ohio-4891, ¶ 9; *State v. Foster*, 109 St.3d 1, 2006-Ohio-856, ¶ 42. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Rose* at ¶ 78, citing R.C. 2929.12(A).

{¶ 22} Turning to the case at hand, the judgment entry of conviction clearly indicates that the trial court considered "the principles and purposes of sentencing under [R.C. 2929.11], and has balanced the seriousness and recidivism factors of [R.C. 2929.12] and

whether or not community control is appropriate pursuant to [R.C. 2929.13]." *See State v. Grundy,* 12th Dist. No. CA2011-09-099, 2012-Ohio-3133, ¶ 51, fn. 1 (a "trial court speaks through its entries"). Furthermore, at the September 25, 2012 sentencing hearing, the trial court stated that it "had an opportunity to consider this matter in conjunction with the purposes and principles of the Ohio Felony Sentencing Act, the overriding purposes of which are to protect the public from future crime by the offender and others and to punish the offender using minimum sanctions." The trial court further stated that it "intend[ed] to accomplish those purposes without imposing unnecessary burdens on either state or local government resources." The trial court then sentenced appellant within the statutory range of six to 12 months for a fifth-degree felony and advised appellant of the applicable postrelease control issues.

{¶ 23} With regard to the second prong of the *Kalish* test, we find that the trial court did not abuse its discretion in sentencing appellant to the maximum sentence for the unauthorized use of a motor vehicle. During the sentencing hearing, the trial court noted that it considered the "need for incapacitation and deterrence and rehabilitation and restitution." The trial court also considered the presentence investigation, which indicated that appellant has a significant criminal history, has been incarcerated on multiple occasions, and has previously violated the terms of community control. The trial court was also made aware of appellant's substance abuse problems.

{¶ 24} After reviewing the record, we find that appellant's sentence was not contrary to law. We further find that the trial court did not abuse its discretion in sentencing appellant to the maximum term of incarceration.

{¶ 25} Accordingly, appellant second assignment of error is overruled.

{¶ 26} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.

- 7 -